CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
04/28/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| ATLANTIC COAST PIPELINE, LLC, ) | |
|     Plaintiff, ) | Civil Action No. 3:18-cv-00071 |
| ) | |
| v. ) | MEMORANDUM OPINION & ORDER |
| ) | |
| 10.61 ACRES, MORE OR LESS, IN ) | By:   Joel C. Hoppe |
| LOVINGSTON DISTRICT, NELSON ) |         United States Magistrate Judge |
| COUNTY, VIRGINIA et al., ) | |
|     Defendants. ) | |

This matter is before the Court on Defendant Nelson County Creekside, LLC's ("NCC") motion to reconsider, ECF No. 46, this Court's prior Memorandum Opinion and Order denying NCC's motion to disburse funds that have been deposited with the Court under Rule 71.1(j) of the Federal Rules of Civil Procedure, *see* ECF Nos. 31, 45. The funds are proceeds from a settlement between Plaintiff Atlantic Coast Pipeline and NCC in the underlying condemnation action. *See* Mem. Op. & Order of Oct. 11, 2019, at 1, ECF No. 45. Non-parties Charles M. Lollar, Charles M. Lollar Jr., and the law firm of Lollar Law, PLLC (collectively "Lollar") had opposed NCC's motion on grounds that Lollar are entitled to a portion of the settlement proceeds as attorney's fees. *See id.* The motion was fully briefed and argued by counsel at a hearing on July 1, 2019. At the Court's invitation, NCC submitted a supplemental brief in support of its original argument that Rule 71.1 does "not give a law firm the right to claim a lien under state law, thereby burdening the Court by expanding its jurisdiction to an ancillary matter," Def. NCC's Mot. to Disburse Funds ¶ 4, ECF No. 31. *See* Def. NCC's Supp'l Br. in Supp. 1 (noting that NCC "did not find any cases directly" addressing "the narrow issue of whether a federal district court has ancillary jurisdiction under Rule 71.1 to consider a claimed lien for attorney['s]

1

fees," but citing one unpublished district court case holding that a property owner could not use Rule 71.1 to assert a counterclaim against the condemner in a condemnation proceeding).

On October 11, 2019, I issued a Memorandum Opinion and Order concluding that the Court may exercise ancillary jurisdiction over Lollar's claim for attorney's fees and, thus, disbursing the settlement funds would be premature. Mem. Op. & Order of Oct. 11, 2019, at 1. NCC promptly filed this motion reiterating its position that the Court lacks "ancillary jurisdiction under Rule 71.1 to consider a claimed lien for attorney['s] fees" and again expressing concern that "the Court should not be burdened with sifting through the claim of anyone who performed work related to the case and who wants to secure payment from the condemnation proceeds." Def. NCC's Mot. to Reconsider 1–2, ECF No. 46; *see id.* Ex. 1 (court orders allowing Lollar to withdraw as counsel in nine condemnation cases), ECF No. 46-1; *id.* Ex. 2 (three Notices of Attorney's Charging Lien), ECF No. 46-2; *id.* Ex. 4 (letters from six "disgruntled former clients" to Lollar regarding their representation in the condemnation cases), ECF No. 46-4. Lollar timely filed a brief opposing reconsideration. ECF No. 49.

"The Federal Rules of Civil Procedure do not provide for a motion to reconsider, denominated as such," *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001), although such requests "are common in federal practice," *DIRECTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rule 54 "provides that 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time.'" *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583–84 (D. Md. 2018) (quoting Fed. R. Civ. P. 54(b)). "The precise standard governing a motion for reconsideration of an interlocutory order is unclear,"

*Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015), but it is clear they "are not subject to the strict standards applicable to motions of reconsideration of a final judgment" or final order under Rules 59(e) and 60(b), *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). *See Carrero*, 310 F. Supp. 3d at 584. Still, "[s]uch motions are disfavored and should be granted sparingly." *Wootten v. Commonwealth of Va.*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (quotation marks omitted) (Moon, J.).

Relief under Rule 54(b) may be appropriate where the moving party shows the Court has "patently misunderstood a party" in reaching its decision, there has been "a controlling or significant change in the law or facts" since the Court issued its order, *Above the Belt*, 99 F.R.D. at 101, or "the prior decision was clearly erroneous and would work manifest injustice" if allowed to stand, *Am. Canoe Ass'n*, 326 F.3d at 515 (quotation marks omitted). *See Wootten*, 168 F. Supp. 3d at 893 (citing the same factors). "[R]econsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.* Nor is it "an occasion 'to present a better and more compelling argument that the party could have presented in the original briefs,'" *id.* (quoting *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005)), "or to 'introduce evidence that could have been addressed or presented previously,'" *id.* (quoting *Regan v. City of Charleston, S.C.*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014)).

With these principles in mind, the Court concludes NCC's motion for reconsideration is not proper. *See id.* at 894; *DIRECTV*, 366 F. Supp. 2d at 317 ("Motions to reconsider are not proper where the motion merely asks the court 'to rethink what the Court had already thought through—rightly or wrongly.'" (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985)). The motion reiterates the same jurisdictional and prudential arguments that the Court has already rejected, but it does not cite any intervening change in the governing law, acknowledge that the attached exhibits were not submitted with the post-hearing supplemental brief, or attempt to explain why the Court's decision could be "so patently unfair," *South Carolina v. United States*, 323 F. Supp. 3d 785, 799 (D.S.C. 2017) (quotation marks omitted), to NCC that allowing it to stand would work manifest injustice. *See* Def. NCC's Mot. to Reconsider 1–2. Furthermore, the prospect of fee petitions being filed in other cases does not affect the Court's jurisdictional analysis in this case.

Accordingly, Defendant's Motion to Reconsider, ECF No. 46, is hereby **DENIED**. It is so Ordered.

ENTER: April 28, 2020

Joel C. Hoppe
U.S. Magistrate Judge

4